# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3535

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| William H. White, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 19, 2010
Filed: November 24, 2010

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

William H. White pleaded guilty to possessing an identification document with an authentication feature (the seal of the United States Department of State) which was produced without lawful authority, knowing that the identification feature was produced without such authority, in violation of 18 U.S.C. § 1028(a)(6). The district court[1] sentenced White to a term of ten months in prison, a sentence which fell within the advisory guidelines range of 10-16 months. In calculating the guidelines range, the district court did not credit White with acceptance of responsibility under United

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

States Sentencing Guidelines Manual § 3E1.1 on two grounds: (1) White had filed objections to the presentence report (PSR) making statements which were inconsistent with the facts to which he admitted when he entered his guilty plea; and (2) White had filed a motion to withdraw his guilty plea in which he made claims of innocence which the district court determined were inconsistent with an acceptance of responsibility. White appeals contending the district court erred when it failed to credit him with accepting responsibility.[2]

Reviewing the district court's decision to deny an acceptance of responsibility reduction for clear error, United States v. Bell, 411 F.3d 960, 963 (8th Cir. 2005), we find no such error. White had "the burden to establish that he has clearly demonstrated that he is entitled to a two-level reduction in his offense level for acceptance of responsibility." United States v. Herron, 539 F.3d 881, 887-88 (8th Cir. 2008). Our review of the record indicates White did not meet that burden. Some of his objections to the PSR contradicted facts he admitted as part of the factual basis for his plea, and he denied possessing the knowledge required to commit the offense even though he had previously entered a knowing and voluntary plea. White's post- plea denials of guilt alone were sufficient to support the district court's decision not to grant a reduction for acceptance of responsibility. See United States v. Tonks, 574 F.3d 628, 632 (8th Cir. 2009).

Accordingly, we affirm.[3]

_____

_____

[2]White initially raised a second issue on appeal. He claimed the district court erred in denying the motion to withdraw his guilty plea. He based his claim on the government's purported failure to provide him with allegedly exculpatory material prior to his plea in violation of Brady v. Maryland, 373 U.S. 83 (1963). White withdrew that claim in his reply brief.

[3]We deny the pending motion for modification of sentence as well as the alternative request to remand this case to the district court.